UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL L. THOMPSON,

        Petitioner,

v.                                                                     Case No. 17-cv-484-pp

BRIAN FOSTER,

        Respondent.

---

**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

---

On April 3, 2017, Michael L. Thompson, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging an August 27, 2015 amendment to his 1998 judgment of conviction in Kenosha County. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the petitioner has failed to state cognizable constitutional claims, the court will deny the petition.

I. **Background**

On June 5, 1998, a jury convicted the petitioner on one count of first-degree intentional homicide with use of a dangerous weapon. See State v. Michael L. Thompson, 1995CF000456, Kenosha County Circuit Court, located at https://wcca.wicourts.gov; Dkt. No. 5 at 2. The Kenosha County Circuit

1

Court sentenced him to life imprisonment "[w]ith 50 years parole eligibility." Dkt. No. 5 at 2.

It appears that years later, the Department of Corrections sent a letter to the circuit court requesting clarification of the original judgment. Dkt. No. 5 at 2. See also, State v. Michael L. Thompson, 1995CF000456, Kenosha County Circuit Court, docket notation dated August 11, 2015, located at https://wcca.wicourts.gov. According to the Wisconsin Court of Appeals, this letter stated that if a court "sets a parole eligibility date under Wis. Stat. §973.014(1)(b), it is required to set a date certain, rather than ordering parole eligibility in '50 years.'" Id. On August 27, 2015, the circuit court amended the judgment. State v. Michael L. Thompson, 1995CF000456, Kenosha County Circuit Court, docket notation dated August 27, 2015, located at https://wcca.wicourts.gov. According to the court of appeals, the amended judgment indicated that the petitioner would be eligible for parole on August 17, 2048—fifty years after the date of sentencing. Id.

On November 3, 2015, the court of appeals denied the petitioner's motion to extend the time to file a notice of intent to pursue postconviction relief. Dkt. No. 5 at 2-3. The court held that the petitioner's motion had not established "that entry of the amended judgment trigger[ed] the direct appeal rights provided in Wis. Stat. Rule 908.30." Id. Three weeks later, the same court denied the petitioner's motion for reconsideration of the November 3, 2015 order. Dkt. No. 5 at 4. The Wisconsin Supreme Court initially dismissed the petitioner's petition for review on February 17, 2016, stating that the court of

appeals had yet to render its final decision, but about three months later—on May 5, 2016—the Wisconsin Supreme Court denied the petition for review. Id. at 5.

The court received the federal *habeas* petition on April 3, 2017—approximately eleven months after the Wisconsin Supreme Court denied review. Dkt. No. 1.

## II.     Rule 4 Screening

### A.     Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to federal relief. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an

3

unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed the petition within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B.  The Petition

The petitioner identifies two grounds for relief. He asserts that the state court denied him his right to access the direct appeal process, in violation of the Due Process Clause and the Sixth Amendment. Dkt. No. 1 at 6. And he argues that at his sentencing, he was denied his right to be present, and his right to counsel. (By "sentencing," he appears to be referring to the date on

4

which the circuit court amended the judgment to include a specific parole eligibility date.) Id. at 7.

C. Analysis

Both of these arguments arise from the petitioner's view that the circuit court's entry of the amended judgment should be considered a resentencing, for which he had a right to be present and to have a lawyer, and which he had a right to appeal. As the Wisconsin Court of Appeals correctly noted, however, the circuit court did not "re-sentence" the petitioner when it inserted the specific parole eligibility date. See Dkt. No. 5 at 2 ("The amendment to [the petitioner's] judgment was merely collateral to the judgment itself. . . .") The original judgment stated that the petitioner would be eligible for parole in fifty years; the amended judgment did nothing more than specify the date on which that fifty-year eligibility deadline would arrive: August 17, 2048.

What the circuit court did when it amended the judgment was correct a clerical error—it corrected its failure to specify a date certain for parole eligibility. "[A] court has the power to correct clerical errors at any time," State v. Prihoda, 239 Wis. 2d 244, 253 (Wis. 2000), and "the circuit court has discretion to determine whether an offender is entitled to notice and a hearing before the correction of a clerical error in the sentence portion of a written judgment of conviction is made," id. at 248. While Wis. Stat. §971.04(1)(g) requires that a defendant "shall be present" "[a]t the pronouncement of judgment and the imposition of sentence," it makes no mention of requiring a defendant to be present for the correction of a clerical error. Indeed, the

5

Wisconsin Supreme Court has held that the statute "does not mandate a defendant's presence when a clerical error is corrected." Prihoda, 239 Wis.2d at 259. This is because the "correction of the sentence portion of a written judgment of conviction to reflect the circuit court's unambiguous oral pronouncement of sentence at which the [petitioner] was present is not a pronouncement of judgment or the imposition of sentence . . . ." Id.

Given this, the petitioner did not have a Sixth Amendment right to have a lawyer represent him when the circuit court amended the judgment. He did not have a right to be present for that event under Wisconsin law, or under the Constitution. Nor did he have a right to appeal the amended judgment, because it did not change the original sentence. The petitioner has not stated a constitutional claim for which this court can provide *habeas* relief.

D.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that whenever a district court enters a final order that is adverse to the petitioner, it either must issue or deny a certificate of appealability. A district judge may issue a certificate of appealability only when a petitioner has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and when "[j]urists of reason could . . . disagree" as to whether the court wrongly decided the issue, Walton v. Schwochert, Case No. 10-cv-117, 2010 WL 4318887 at *2 (E.D. Wis. October 25, 2010). Because the petitioner has not made a substantial showing of the denial of a constitutional right, and because the court does not conclude that reasonable

jurists could disagree about that, the court declines to issue a certificate of appealability.

### III. Conclusion

The court **DISMISSES** the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2254. The court **DECLINES TO ISSUE** a certificate of appealability. The court **ORDERS** that the case is **DISMISSED**, and directs the clerk of court to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**