MICHAEL THOMPSON,

        Petitioner,

v.

        Case No. 17-cv-484-pp

BRIAN FOSTER,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO ALTER AND AMEND JUDGMENT (DKT. NO. 8)**

On June 26, 2018, the court denied the petitioner's petition for writ of *habeas corpus*, denied a certificate of appealability and dismissed the case. Dkt. Nos. 6, 7. The court determined that the petitioner had failed to state a cognizable claim. The petitioner since has filed a motion to alter and amend judgment, asking the court to reopen the case and require the respondent to answer. Dkt. No. 8.

**I.    Background**

    A.    <u>Underlying Convictions</u>

On August 17, 2018, the Kenosha County Circuit Court sentenced the petitioner to life with parole eligibility in fifty years after a jury found him guilty on one count first degree intentional homicide with use of a dangerous weapon. <u>State v. Thompson</u>, Case No. 1995CF000456, Kenosha County Circuit Court, located at https://wcca.wicourts.gov. The petitioner filed a notice of intent to

1

pursue post-conviction relief, a direct appeal and a petition for review with the Wisconsin Supreme Court. Id. The Wisconsin Court of Appeals affirmed the judgment of conviction. Id. The Wisconsin Supreme Court denied the petition for review. Id.

### B. Amended Judgment

The circuit court entered an amended judgment of conviction after the Department of Corrections (DOC) requested clarification of the August 17, 1998 judgment. Dkt. No. 5 at 2. According to the Wisconsin Court of Appeals, the DOC was under the impression that Wis. Stat. §973.014(1)(b) requires that a circuit court set a date certain when setting a parole eligibility date rather than ordering eligibility in "fifty years." Dkt. No. 5 at 2. The deputy clerk signed an amended judgment reflecting that petitioner would be eligible for parole on August 17, 2048—fifty years after the date of sentencing. Id.

### C. Appeal

The petitioner filed a motion for an extension of time to file a notice of intent to pursue postconviction relief from the August 27, 2015 amended judgment of conviction. Dkt. No. 5 at 2. The Wisconsin Court of Appeals denied the motion on November 3, 2015, finding that the petitioner had failed to establish that the entry of the amendment judgment triggered the direct appeal rights provided in Wis. Stat. §809.30. Id. The court rejected the petitioner's attempts to classify the amended judgment as a resentencing and determined that the amended judgment was collateral to the judgment itself. Id. At the

2

same time, the court pointed out that the petitioner might be able to challenge the amended judgment through a Wis. Stat. §974.06 postconviction motion. Id.

On November 23, 2015, the Wisconsin Court of Appeals denied the petitioner's motion for reconsideration, finding that the "amended judgment of conviction was merely an execution of the sentencing court's 1998 determination that Thompson would be eligible for parole in 50 years. It did not require any further exercise of sentencing discretion and did not result in any change to the sentence. It was not a resentencing." Dkt. No. 5 at 4.

The petitioner filed a petition for review on December 17, 2015. State v. Thompson, Appeal No. 2015XX001445-CR, available at https://wsca.wicourts.gov. The Wisconsin Supreme Court dismissed the petition on February 17, 2016, indicating that the Wisconsin Court of Appeals had not yet rendered a final decision. Dkt. No. 5 at 5; id. On March 2, 2016, however, the court vacated that order, reinstated the petition for review and deemed it timely filed. State v. Thompson, Appeal No. 2015XX001445-CR, available at https://wsca.wicourts.gov. The Wisconsin Supreme Court denied the petition for review on May 5, 2016. Id.

D. *Habeas* Petition

The petitioner filed his federal *habeas* petition on April 3, 2017, identifying two grounds for relief. First, he argued the state court had denied him the right to the direct appeal process in violation of the Due Process Clause and the Sixth Amendment. Dkt. No. 1 at 6. Second, he argued that he was denied his right to be present and denied his right to counsel at his

3

"resentencing." Id. at 7. He asserted that the circuit court should have conducted a resentencing hearing rather than amending the judgement after the DOC requested clarification. Id.

When this court screened the petition, it concluded that the petitioner had failed to state a cognizable claim for *habeas* relief. Dkt. No. 6 at 6. The original judgment stated that the petitioner would be eligible for parole in fifty years; the amended judgment said that he would be eligible in fifty years and specified the exact date on which that fifty-year eligibility would occur. Id. at 5. That was not a "resentencing." It was nothing more than a mathematical calculation of the date on which the parole term the court had imposed eighteen years before would commence. Id. This court explained in dismissing the petition that the state court has the power to correct a clerical error at any time (if the failure to specify a date even was a clerical error), and has the discretion to determine whether the offender is present. Id. (citing State v. Prihoda, 239 Wis. 2d 244, 253 (2000)). The petitioner did not have a Sixth Amendment right to have a lawyer represent him at the time of the amendment and did not have the right to a direct appeal because the amended judgment did not change the original sentence. Id. at 6.

## II.     Petitioner's Motion to Alter and Amend Judgment (Dkt. No. 8)

### A.     Legal Standard Governing Petitioner's Motion

"Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions." Washington Frontier League

4

Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." The plaintiff filed his motion six days after the court entered judgment, so it was timely under Rule 59(e).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A motion to reconsider that simply rehashes previous arguments gives a court no reason to change its mind and will not prevail. Bacha v. Gonzales, 136 Fed. Appx. 940 (7th Cir. 2005). Reconsideration is not an appropriate forum for arguing matters that could have been heard during the pendency of the previous motion. Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

B. Analysis

The petitioner asks the court to alter or amend judgment for three reasons. First, he argues this case involves judicial error—not clerical error—"made by the sentencing court initially." He appears to take the word "clerical error" to mean an error by the clerk of court, and argues that it was the judge,

5

not the clerk of court, who made the error. The petitioner insists that the correction (the amended judgment) was not authorized by the court. Dkt. No. 8 at 2-3. Second, the petitioner argues that a defendant in Wisconsin has a right to appeal that does not hinge on whether the action taken is a sentencing or a resentencing. Id. at 3-9. Third, the petitioner believes that a *pro se* litigant should not have to establish the merits of the claim "before they are given their due process rights to the direct appeal process." Id. at 9-10.

Because the petitioner has not presented newly discovered evidence or identified a manifest error of law, the court will deny the motion to alter or amend.

1. *"Judicial" Error*

As an initial matter, the petitioner has raised arguments that did not appear in his *habeas* petition. The *habeas* petition alleged that the petitioner's Due Process Clause and Sixth Amendment rights were violated when the circuit court amended his judgment to reflect the parole eligibility date rather than resentencing him. Dkt. No. 1 at 6. He claimed he had the right to be present at his resentencing, with counsel, and that he had the right to file a direct appeal. Id. at 6, 7. Now, on a request for reconsideration, the petitioner simultaneously asserts that he is challenging a judicial error made by the sentencing judge and that the amended judgment was not authorized by the sentencing judge as required under Wisconsin law.

A party cannot use a motion to alter or amend judgment to argue a case under a new legal theory or to raise arguments that could have been made

6

before the judgment issued. Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Moreover, federal *habeas* relief is not available to correct errors of state law. Crockett v. Butler, 807 F.3d 160, 168 (7th Cir. 2015). It is not the province of a federal *habeas* court to reexamine state court determinations on state-law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). *Habeas* review is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.

The Wisconsin Court of Appeals declined to extend the petitioner's time for filing a postconviction motion, based, in part, on the petitioner's failure to establish that he had the right to appeal from the amended judgment under the Wisconsin statutes. Dkt. No. 5 at 2. In ruling, the court noted that the defendant had taken a direct appeal from his underlying conviction. Id. The amended judgment was not a resentencing—it was "merely collateral to the judgment itself." Id. The state court based its decision on state law. This court agreed with the state courts that the amended judgment, which changed the phrase "fifty years" to the specific date fifty years from the date of judgment, did not constitute a resentencing.

The petitioner has reframed his argument in the motion to alter or amend, but has not shown a violation of clearly established federal law. The petitioner has not shown he is entitled to relief for what courts have called a "technical" error. Several years ago, the Wisconsin Court of Appeals decided State v. Hampton with facts almost identical to the petitioner's case. The circuit court in Hampton set the defendant's parole eligibility date at "fifty years." No.

7

2016AP371-CR, 2017 WL 5158766, at *1 (Wis. Ct. App. November 7, 2017). Nineteen years after the circuit court entered judgement, the DOC notified the circuit court that it had not set a date for parole eligibility, sentencing him to "life imprisonment with parole eligibility after fifty years." Id. Not realizing that the defendant was entitled to 205 days of sentence credit, the court amended the judgment to set his eligibility date at "March 7, 2045—fifty years from the date of the defendant's sentencing hearing." Id. at *2. The circuit court granted the defendant's motion for postconviction relief to give the defendant credit for the 205 days, but the defendant moved for reconsideration, arguing that using the phrase "fifty years" made his initial sentence illegal, entitling him to commutation or resentencing. Id.

The Wisconsin Court of Appeals affirmed, noting that Wis. Stat. §973.014 did not specify that a date must be set forth in a format by day, month or year. Id. The court explained that the sentencing court's parole eligibility date "after fifty years" complied with §973.014(1)(b) because setting a term of years was a method of setting a date—especially where, as here, the specific parole eligibility date was readily ascertainable from the record. Id. The court dismissed any error in the amended judgment as a technical error:

> Even assuming the subject statute contemplates the sentencing court stating a specific day, month, and year, any error by the sentencing court was merely technical and was appropriately corrected by entry of an amended judgment of conviction setting an August 12, 2044 parole eligibility date. Hampton is not prejudiced because the amended judgment imposed a parole eligibility date identical to the date originally calculated by the DOC and consistent with the sentencing court's stated intent.

8

> Hampton nevertheless contends that because his sentence is "void," it should be commuted to set a parole eligibility date at the statutory minimum of twenty years. We disagree. Hampton's sentence was not rendered invalid or void by what was, at most, a technical error. If Hampton's interpretation of the statute is correct, the circuit court merely used the wrong phrase to explain the parameters of the sentence. The circuit court, therefore, appropriately remedied any error with a simple mathematical conversion of the term of years to a date certain. To commute the sentence as Hampton suggests would make him eligible for parole thirty years earlier than the sentencing court intended. As the circuit court recognized, commutation is a wholly inappropriate remedy for the alleged error committed here.
>
> Hampton alternatively seeks resentencing, which is generally the method of correcting a legally invalid sentence. See Grobarchik v. State, 102 Wis. 2d 461, 470, 307 N.W.2d 170 (1981). As noted above, Hampton's sentence was not rendered invalid by the claimed error, and the sentencing court's dispositional scheme remained intact after correction of the judgment of conviction.

Id. at 2-3.

The amended judgment in this case preserved the sentencing court's "dispositional scheme." The petitioner argues that it was a judicial error to sentence him to a date fifty years from his sentencing date (1998—2048), but that date was readily ascertainable from the record. The sentencing court gave the petitioner life in prison with parole eligibility in fifty years; the amended judgment gave him life in prison with parole eligibility in fifty years (on August 17, 2048). He received the *same sentence*. The amended judgment clarified the specific date as requested by the DOC even though the statute did not require the clarification. Any error was a technical error and it would not have entitled the petitioner to *habeas* relief.

If the petitioner means to argue that the judge committed "judicial error" during his sentencing on August 17, 1998 by failing to state the month, date

9

and year of parole eligibility, the time for challenging that original judgment has long passed. He appealed the judgment in 1998; the time for challenging that original judgment expired one year after the date on which his conviction became final "by the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The court has found no support for the argument that DOC's request for clarification— years later—somehow resurrected the AEDPA's one-year limitations period. This type of amendment to a judgment does not appear to trigger a new one-year time period in which to file a §2254 petition. McCradic v. Pollard, No. 11–C–182, 2011 WL 3736939, at *2 (E.D. Wis. Aug. 24, 2011) (Griesbach, J.) (amended judgment which corrected clerical error did not trigger new one-year time period to file § 2254 petition); see also Coville v. McKenna, No. 05-35224, 2006 WL 2076519, *1 (9th Cir. 2006) (finding the 28 U.S.C. § 2254 petition untimely because the amended judgment merely corrected a clerical error); United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004) (the correction of a clerical error in restitution did not provide the defendant with a second opportunity to appeal); United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (§2255 limitations period does not begin anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); McCradic v. Pollard, No. 11-C-182, 2011 WL 3736939 (E.D. Wis. Aug. 24, 2011).

      The other new argument raised by the petitioner in his motion to alter or amend focuses on the fact that the deputy clerk signed the amended judgment rather than the circuit court judge. The deputy copied the judge at the bottom

of the page and included the same date for parole eligibility as the circuit court judge set in the first instance (fifty years or August 17, 2048). Again, a motion to alter or amend judgment is not the time to raise arguments that could have been raised before. Even if the petitioner had raised this issue before the state courts or in his *habeas* petition filed by this court, he cannot prevail unless he can demonstrate an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

The petitioner cites state law in support of his argument that a deputy clerk cannot sign a judgment without written authorization from a judge. Dkt. No. 8 at 4 (citing <u>Mikrut v. State</u>, 212 Wis. 2d 859 (Ct. App. 1997)). In <u>Mikrut</u>, the defendant attempted to circumvent a ruling of the Wisconsin Court of Appeals by asking a deputy clerk to amend his judgment. The deputy made a judicial decision to amend the judgment and altered the date of conviction. <u>Id.</u> at 868. The Wisconsin Court of Appeals determined that the action, which was not directed by a judge but involved a judicial decision, was void with no legal effect. The court based its ruling on the express language of Wis. Stat. §806.06(1)(a): "A judgment is rendered by the court when it is signed by the judge or the clerk at the judge's written direction." <u>Id.</u>

This is not a case where the deputy clerk made a judicial decision and altered the judgment. The amended judgment reflects the judge's oral pronouncement, dkt. no. 8-2 at 1, and the Wisconsin courts saw this as collateral to the judgment, dkt. no. 5 at 2. The petitioner has not identified newly discovered evidence and failed to demonstrate a manifest error of law.

11

2. *Right to Appeal*

The petitioner's second argument challenges the Wisconsin Court of Appeals' denial of his request to extend the time for filing a postconviction motion. The Wisconsin Court of Appeals emphasized that the petitioner had not been resentenced and had not established his right to file a direct appeal. Dkt. No. 5 at 2. The petitioner admits that what constitutes a sentencing in Wisconsin "is not clear," dkt no. 8 at 5, but maintains that his due process rights should not be dictated by what one panel of the Wisconsin Court of Appeals deems to be a sentencing, id. at 6.

The petitioner's burden on a motion to alter or amend judgment is to point to newly discovered evidence or to identify a manifest error of law in the court's ruling. In support of his argument, the petitioner asserts that another defendant was granted the right to appeal in similar circumstances, citing the Hampton case (discussed above) in which the Wisconsin Court of Appeals affirmed the judgment of conviction and rejected the claims raised by the petition. Hampton, 2017 WL 5158766 at *2.

The Wisconsin statutes dictate the appeal process, and the Wisconsin Court of Appeals determined that the amended judgment—collateral to the original judgment and stating the same sentence—did not trigger the statutory right to appeal under Wis. Stat. §809.30. Not only did the petitioner not have the statutory right to appeal, but he also did not have a right to a hearing or to have counsel present. State v. Prihoda, 239 Wis. 2d 244, 260 (2000) (Wis. Stat.

§971.04(1)(g) does not mandate a defendant's presence when a clerical error is corrected). The court will not alter or amend the judgment on this ground.

### 3. *Opportunity to Raise these Arguments on Direct Appeal*

The petitioner's final argument in his motion to alter or amend judgment focuses on this court's dismissal at screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He believes that he may not have made it clear that he was arguing that he has not "enjoyed the right to have a trained legal professional go over the facts and the law with an eye for representing the petitioner, and deciding how best to litigate any potential claim." Dkt. No. 8 at 9. According to the petitioner, the state courts put him in the position of showing that his underlying claims had merit before the petitioner had an opportunity to develop those claims on appeal.

The court assures the petitioner that it understood that he wanted to appeal and that he wanted to have counsel be present and assist him. As the court has explained, *habeas* review confines the court to reviewing the state court decisions for a constitutional violation. The state courts determined that the petitioner did not have a statutory right to appeal, a right to a hearing or a right to have counsel present. Without showing a violation of federal law or the federal Constitution, the petitioner has not established entitlement to *habeas* relief or a basis to alter or amend the judgment.

### III. Conclusion

The court **DENIES** the petitioner's motion to alter or amendment judgment. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 31st day of March, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**